# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL R. ADAIR<br><br>        Plaintiff,<br><br>v.<br><br>BOAT DOCK INNOVATIONS, LLC, JEFFREY HARWELL, SR., THE DOCK DEPOT & MARINE SUPPLY CO. LLC, RICHARD H. HENSHAW, JR., STANLEY KAMINSKI, FABRITEX, INC., and DOES 1-100<br><br>        Defendants. | CIVIL ACTION NO.:<br><br>1:12-cv-01930-SCJ<br><br>JURY TRIAL DEMANDED |

## ANSWER AND COUNTERCLAIMS OF DEFENDANTS BOAT DOCK INNOVATIONS, LLC, JEFFREY HARWELL, SR., THE DOCK DEPOT & MARINE SUPPLY CO. LLC, RICHARD H. HENSHAW, STANLEY KAMINSKI, AND FABRITEX, INC. TO FIRST AMENDED COMPLAINT

Defendants Boat Dock Innovations, LLC ("BDI"), Jeffrey Harwell, Sr. ("Harwell"), The Dock Depot & Marine Supply Co. LLC ("Dock Depot"), Richard Henshaw ("Henshaw"), Stanley Kaminski ("Kaminski"), and Fabritex, Inc. ("Fabritex") (each a "Defendant" and collectively the "Defendants"), by and through their counsel, answer the Amended Complaint of Plaintiff Michael R. Adair ("Plaintiff" or Adair") as follows:

## NATURE OF THE SUIT

1. In answer to Paragraph 1 of the Complaint, Defendants admit that this appears to be the nature of the suit, but deny any other allegations in Paragraph 1 of the Complaint.

## THE PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore deny each and every allegation in this Paragraph.

3. Admitted.

4. Defendants admit that Harwell is an individual, but deny that the listed address is correct.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted

9. Denied.

10. Denied.

## JURISDICTION AND VENUE

11. In answer to Paragraph 11 of the Complaint, Defendants admit that Plaintiff purports to pursue claims under the patent laws of the United States, and that this action therefore arises under 35 U.S.C. § 271 *et* seq. Defendants deny any acts of infringement in this judicial district or any other, deny that Plaintiff is entitled to relief under 35 U.S.C. § 271 *et seq.*, and deny any other allegations of this Paragraph.

12. Admit.

13. Admit.

## STATEMENT OF FACTS

14. In answer to Paragraph 14 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to these allegations and therefore deny such allegations.

15. In answer to Paragraph 15 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to these allegations and therefore deny such allegations.

16. In answer to Paragraph 16 of the Complaint, Defendants lack

knowledge or information sufficient to form a belief as to these allegations and therefore deny such allegations.

17.     In answer to Paragraph 17 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to these allegations and therefore deny such allegations.

18.     In answer to Paragraph 18 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to these allegations and therefore deny such allegations.

19.     In answer to Paragraph 19 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to these allegations and therefore deny such allegations.

20.     Paragraph 20 of the Complaint states a legal conclusion to which no response is required.  Defendants admit that a statutory presumption exists under the patent laws of the United States.  Defendants deny all allegations not specifically admitted.

21.     Defendants admit that Plaintiff appears to have been involved in the cited case.  Defendants deny all remaining allegations.

## First Cause of Action

22. In Answer to Paragraph 22 of the Complaint, Defendants admit that the referenced Defendant has offered for sale or sold the referenced ladder. Defendants deny all remaining allegations.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## Second Cause of Action

33. Defendants incorporate the responses to Paragraphs 1 - 32 above.

34. Admitted.

35. Denied.

36. In answer to Paragraph 36 of the Complaint, Defendants admit upon information and belief that the referenced corporate Defendant has distributed or offered to distribute the referenced ladder. Defendants deny all remaining allegations.

37. In Answer to Paragraph 37 of the Complaint, Defendants admit that the referenced Defendant appears in the reference YouTube video. Defendants further state that upon information and belief that video was taken down from YouTube. Defendants deny all remaining allegations.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

### Third Cause of Action

43. Defendants incorporate the responses to Paragraphs 1 - 42 above.

44. In answer to Paragraph 44 of the Complaint, Defendants admit that

the referenced Defendant previously sold Plaintiff's referenced ladder. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 44 and therefore deny the same.   Defendants deny all remaining allegations.

45.    In answer to Paragraph 45 of the Complaint, Defendants admit that the referenced Defendant has sold or offered for sale the referenced ladder. Defendants deny all remaining allegations.

46.    In answer to Paragraph 46 of the Complaint, Defendants admit that the referenced Defendant has sold or offered for sale the referenced ladder. Defendants deny all remaining allegations.

47.    Denied.

48.    Denied.

49.    Denied.

## Fourth Cause of Action

50.    Defendants incorporate the responses to Paragraphs 1 - 49 above.

51.    Admitted.

52.    In response to Paragraph 52 of the Complaint, Defendants admit

that the referenced Defendant previously sold or offered for sale Plaintiff's ladder and Henshaw was aware of Plaintiff's ladder. Defendants deny all remaining allegations.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## Fifth Cause of Action

60. Defendants incorporate the responses to Paragraphs 1 - 59 above.

61. Defendants admit upon that the referenced Defendant is a distributor of the referenced ladder, and has offered that ladder for sale.

62. Defendants admit that the referenced Defendant has advertised the referenced ladder. Defendants deny all remaining allegations.

63. Defendants admit that the Plaintiff has attached advertisements that

upon information and belief were placed by the referenced Defendant. Defendants deny all remaining allegations.

64. Defendants admit that the Plaintiff has referenced video advertisements that upon information and belief were placed by the referenced Defendant. Defendants deny all remaining allegations.

65. Defendants admit that the Plaintiff has referenced a Craigslist advertisement that upon information and belief was placed by the referenced Defendant. Defendants deny all remaining allegations.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## Sixth Cause of Action

72. Defendants incorporate the responses to Paragraphs 1 - 71 above.

73. Denied.

74. In answer to Paragraph 74 of the Complaint, Defendants admit that the referenced Defendant has manufactured and inventoried ladders that the Plaintiff accuses of infringement in this suit. Defendants deny all remaining allegations.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

### Seventh Cause of Action

79. Defendants incorporate the responses to Paragraphs 1 - 78 above.

80. Denied.

81. Denied

82. Denied.

83. Denied.

84. Denied.

### Eighth Cause of Action

85. Defendants incorporate the responses to Paragraphs 1 - 84 above.

86. In answer to Paragraph 86 of the Complaint, Defendants state that approximately 28 of the referenced ladders have been sold or are otherwise in use by consumers. Defendants deny all remaining allegations.

87. Denied.

88. Denied.

89. Denied.

### Ninth Cause of Action

90. Defendants incorporate the responses to Paragraphs 1 - 89 above.

91. Denied.

92. Denied.

### AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendants alleges as follows:

1. The Complaint should be dismissed against Defendants for failing to state a claim upon which relief can be granted.

2. Defendants deny that any product made, used, sold, or offered for sale by Defendants infringe any valid and enforceable claim of either or both of the patents-in-suit, either directly or indirectly, literally or under the doctrine of

11

equivalents or under any theory of joint infringement.

3. Either or both of the patents-in-suit are invalid.

4. Plaintiff is not entitled to costs, because one or more of the claims of either or both of the patents-in-suit are invalid.

5. Plaintiff's claims for damages and costs are restricted and barred by 35 U.S.C. §§ 286 – 288.

6. Defendants deny each and every allegation not expressly admitted herein, including but not limited to, all claims for relief appearing in the Complaint's "PRAYER FOR RELIEF." In addition, the Complaint contains headings which do not require a response. To the extent such headings are deemed to contain any allegations to which a response is required, Defendants deny all such allegations.

## COUNTERCLAIM

1. Defendants as Counterclaimants, by and through counsel, bring the following counterclaim against Plaintiff.

2. Counterclaimants re-allege and incorporate by reference the allegations of the Answer made above in response to the First Amended

Complaint.

3. Plaintiff is, based on affirmative statement in paragraph 2 of the First Amended Complaint resides at 244 Indian Cove Drive, Dawsonville, GA 30534.

4. This is a counterclaim action for declaratory judgment adjudging that each and every claim of United States Patent No. 7,464,792 (hereafter "the '792 patent") and United States Patent No. 8,157,054 (hereafter "the '054 patent") are invalid and/or not infringed.  Accordingly, this action arises under 35 U.S.C. § 1, et seq., and jurisdiction is proper under 28 U.S.C. §§ 2201 and 2202, and under 28 U.S.C. §§ 1331 and 1338(a).

5. An actual, substantial, and continuing justiciable controversy exists between Counterclaimants and Plaintiff with respect to which Counterclaimants require a declaration of rights. Specifically, the controversy relates to the invalidity of the '792 patent and the '054 patent and to the right of Plaintiff to threaten and/or maintain a suit against Counterclaimants for alleged infringement of the '792 patent and the '054 patent.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c)

and 1400(b).

## COUNTERCLAIM COUNT I - DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT OF THE '792 PATENT AND THE '054 PATENT

7.      Counterclaimants reallege and incorporate by reference the allegations of Paragraphs 1 - 6 immediately above as though fully set forth herein.

8.      This is an action for declaratory judgment under 28 U.S.C. §§ 2201, 2202 and Title 35 of the United States Code.

9.      By its First Amended Complaint, Plaintiff has alleged that it is the owner of the 'the '792 patent and the '054 patent and that Defendants/ Counterclaimants have been and are infringing the '792 patent and the '054 patent.

10.     No product imported, made, sold, used, imported or offered for sale by Defendants/ Counterclaimants embodies each and every element of any claim of the '792 patent and/or the '054 patent, directly or indirectly, literally or under the doctrine of equivalents. Accordingly, Defendants/ Counterclaimants have not infringed the '792 patent or the '054 patent.

11. The '792 patent and the '054 patent and each of the claims material to this action are, upon information and belief, invalid, void, or unenforceable for failure to comply with one or more of the following conditions for patentability as follows:

    a. The claims of the '792 patent and the '054 patent contain non-statutory subject matter and are unpatentable and invalid under 35 U.S.C. § 101.

    b. The claims of the '792 patent and the '054 patent are anticipated by one or more prior art references and are therefore unpatentable and invalid under 35 U.S.C. § 102.

    c. The claims of the '792 patent and the '054 patent are obvious in view of the prior art and are therefore unpatentable and invalid under 35 U.S.C. § 103.

    d. The specifications of '792 patent and the '054 patent fail to provide a written description of the invention and the manner and process of making and using it, in such full, clear, concise and exact terms so as to enable any person skilled in the art to which it pertains to make and use the same, rendering the patent claims invalid under 35 U.S.C. § 112.

e. The specifications of '792 patent and the '054 patent fail to set forth the best mode contemplated by the inventor of carrying out the invention, rendering the patents invalid under 35 U.S.C. § 112.

f. The claims of '792 patent and the '054 patent fail to particularly point out and distinctly claim the subject matter which the applicants regarded as their invention, rendering the claims indefinite and thus invalid under 35 U.S.C. § 112.

12. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counterclaimants and Plaintiff as to whether there exists any valid, infringed and enforceable claim of the '792 patent and the '054 patent.

13. Counterclaimants request a judicial determination and declaration regarding the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this matter.

WHEREFORE, Defendants/Counterclaimants demand judgment as follows:

   a. a determination that the patents-in-suit are invalid and not infringed;

   b. a denial of all claims of relief sought by Plaintiff;

   c. dismissal of the First Amended Complaint with prejudice;

   d. an award of Defendants' costs; and

   e. such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMANDED

Defendants demand a jury trial on all issues so triable.

Dated:   July 27, 2012.           Respectfully submitted,

                                  */s/ W. Scott Creasman*
                                  W. Scott Creasman
                                  Georgia Bar Number 194860
                                  Todd E. Jones
                                  Georgia Bar Number 403925
                                  Jeffrey Kuester
                                  Georgia Bar Number 429960
                                  TAYLOR ENGLISH DUMA LLP
                                  1600 Parkwood Circle, Suite 400
                                  Atlanta, GA 30339
                                  (770) 434-6868
                                  Fax: (770) 434-7376
                                  screasman@taylorenglish.com
                                  tjones@taylorenglish.com
                                  jkuester@taylorenglish.com

                                  Attorneys for Defendants Boat Dock
                                  Innovations, LLC, Jeffrey Harwell,

Sr., The Dock Depot & Marine Supply Co. LLC, Richard Henshaw, Stanley Kaminski, and Fabritex, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the forgoing ANSWER ADND COUNTERCLAIMS OF DEFENDANTS BOAT DOCK INNOVATIONS, LLC, JEFFREY HARWELL, SR., THE DOCK DEPOT & MARINE SUPPLY CO. LLC, RICHARD H. HENSHAW, STANLEY KAMINSKI, AND FABRITEX, INC. TO FIRST AMENDED COMPLAINT has been filed using the Court's CM/ECF system in accordance with the applicable Local Rules and that all counsel of record have been served via the Court's CM/ECF system.

July 27, 2012.

/s/ W. Scott Creasman
W. Scott Creasman

Attorney for Defendants Boat Dock Innovations, LLC, Jeffrey Harwell, Sr., The Dock Depot & Marine Supply Co. LLC, Richard Henshaw, Stanley Kaminski, and Fabritex, Inc.