IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Michael R. Adair, an individual,**<br><br>Plaintiff,<br><br>vs.<br><br>**Boat Dock Innovations, LLC, a Georgia limited liability company,**<br>**Jeffrey Harwell, Sr., an individual,**<br>**The Dock Depot & Marine Supply Co. LLC,**<br>**Richard H. Henshaw, Jr., an individual,**<br>**Stanley Kaminski, an individual,**<br>**Fabritex, Inc., a Georgia corporation,**<br>and<br>**Does 1-100**<br>Defendants. | Civil Action No.:<br><br>1:12-cv-01930-SCJ |

**BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM PURSUANT TO FED. R. CIV. PR. 12(B)(6) AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. PR. 12(F)**

Plaintiff Michael R. Adair ("Adair") submits this brief in support of his Motion to Dismiss Counterclaim and Strike Affirmative Defenses of Defendants Boat Dock Innovations, LLC ("BDI"), Jeffrey Harwell, Sr. ("Harwell"), Richard H. Henshaw, Jr. ("Henshaw), The Dock Depot & Marine Supply Co., LLC ("TDD"),

Stanley Kaminski ("Kaminski"), and Fabritex, Inc. ("Fabritex") pursuant to Fed. R. Civ. Pr. 12(b)(6) and Fed. R. Civ. Pr. 12(f).

## Background

On June 4, 2012, Adair filed this action against all of the Defendants, except Fabritex, which was added in Adair's First Amended Complaint [12] on June 29, 2012. Notwithstanding the filing of the action more than two months ago, whereby Defendants had notice of their infringements of U.S. Patent No. 7,464,792 ("the '792 Patent")[1] and U.S. Patent No. 8,157,054 ("the '054 Patent"). Nevertheless, Defendants continue to infringe both the '792 Patent and the '054 Patent.

The pleading deficiencies in Defendants' Answer and Counterclaim [19] are striking, particularly given that Defendants (but for Fabritex) sought (and Adair agreed to) an Extension of Time [11] to answer. Thus, Defendants had ample opportunity to prepare and adequately set forth the basis for asserting its affirmative defenses, of failure to state a claim (Affirmative Defense 1), non-infringement (Affirmative Defense 2), invalidity (Affirmative Defenses 3 and 4), and Plaintiff's lack of entitlement to damages (Affirmative Defense 5), as well as their "shotgun" Counterclaim asserting invalidity and non-infringement. Their complete failure to do so requires that those Affirmative Defenses be struck and their Counterclaim be dismissed.

---

[1] Notably, the '792 Patent has previously been litigated, and found to be valid and infringed, in this District. *See Adair v. Advanced Metal Fabrication, Inc.*, NDGa, Case No. 1:10-cv-1749-CAP.

## Legal Argument

I. **Rule 8 and Rule 12(b)(6)**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. Pr. 8(a)(2)). "A pleading the offers 'labels' and 'conclusions' or 'a formulaic recitation of the elements of a cause of action will no do.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

"A Rule 12(b)(6) dismissal motion tests the legal sufficiency of the claims alleged in the complaint." *Rosenberg v. Lappin*, 2009 WL 1583135 at *2 (C.D. Cal. May 31, 2009) (Anderson, J); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding such a motion, all material allegations of the complaint must contain sufficient factual matter, accepted to be true, as to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citations omitted). The Supreme Court explained,

> [a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. … The plausibility standard is no akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. … Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

The *Iqbal* Court further explained that its decision in *Twombly* was based on two underlying principles. *Id.* "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. ***Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.*** *Id.* (emphasis added). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. … Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

## II.  Rule 12(f)

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pr. 12(f).  "The purpose of a motion to strike is to avoid the expenditure of time and money that will arise from litigating 'spurious issues' by eliminating those issues prior to trial."  *Taylor v. Quail*, 471 F. Supp. 2d 1053, 1058-59 (C.D. Cal. 2007)(Anderson, J).  Though a motion to strike is generally viewed with disfavor, it "may be appropriate where allegations may cause prejudice to one of the parties." *Ramos Oil Recyclers, Inc. v. AWIM, Inc.*, 2007 WL 2345014 at *3 (E.D. Cal. Aug. 16, 2007)(Furrel, J.).  "A defense may be struck if it fails to provide 'fair notice' of the basis for the defense." *Qarbon.com v. eHelp Corp.*, 315

F. Supp. 2d 1046, 1051 (N.D. Cal. 2004) (Ware, J.) (granting motion to strike affirmative defenses for patent invalidity for "failure to provide 'fair notice' of what the defense is and the grounds upon it rests"), (citing *Advanced Cardiovascular Systems, Inc. v. Scimed Systems, Inc.,* 1996 WL 467277, at *5 (N.D. Cal. July 24, 1996) (granting motion to strike affirmative defenses of patent invalidity)). The "key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Ramos Oil Recyclers, Inc.*, 2007 WL 2345014, at *3 (E.D. Cal. Aug. 16, 2007) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).

### III. <u>Defendants' Counterclaim Alleging Invalidity and Non-Infringement Is Insufficient as a Matter of Law</u>

A claim for declaratory judgment of invalidity that wholly fails to specify the grounds for invalidity is insufficient, as it does not provide fair notice of the party's claims. *FB Farradyne, Inc. v. Peterson*, 2006 WL 132182, at *3 (N.D. Cal. Jan. 17, 2006). In *Qarbon.com* the court dismissed a counterclaim quite similar to the one at bar, finding it to be "radically insufficient", stating,

> eHelp alleges that "***the '441 patent is invalid and void under the provisions of Title 35, United States Code §§ 100 et seq., and specifically §§ 101, 102, 103, and/or 112 ...***" Counterclaim P6. Such a pleading is "***radically insufficient.***" … By making general allegations, eHelp fails to give "fair notice" to Qarbon. 'Effective notice pleading should provide the defendant with a basis for assessing the initial strength of plaintiff's claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, an for preparing an appropriate answer." 315 F. Supp. 2d at 1050-

1051 (internal citations omitted) (emphasis added).

Similarly, in *FB Farradyne, Inc.,* 21006 WL 132182, at *3 (N.D. Cal. Jan. 17, 2006) the court granted a motion to dismiss counterclaims that were virtually identical to those in *Qarbon.com* and in the case at bar, finding that, as pled, the counterclaims did not "provide defendants with sufficient notice of the basis for its claims." More recently, the court in *Xilinx, Inv. v. Invention Investment Fund 1 LP,* 2011 WL 3206686, *5-7 (N.D. Cal. July 27, 2011), granted a motion to dismiss counterclaims which were also virtually identical to those in *Qarbon.com* and in the case at bar, stating "this bare-bones recitation of statutes does not meet the requirements of *Twombly* and *Iqbal* and does not put [declaratory-judgment plaintiff] on notice of the basis of [defendant's] claims of invalidity."

Likewise, in *Duramed Pharms., Inc. v. Watson Labs, Inc.* the court dismissed a counterclaim which contained the general allegation that the claims of the patent-in-suit were "invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, *et seq.*" stating "[plaintiff] is correct that this allegation fails to state a claim. By failing to specify which of the many grounds of patent invalidity it is relying upon, [defendant] does not put [plaintiff] on fair notice as to the basis of its counterclaim." 2008 WL 5232908, at *4 (D. Nev., Dec. 12, 2008).

Defendants herein provided mere recitals of various statutes without

identifying or specifying a single relevant fact as to how any of those statutes possibly relate to either the '792 Patent or the '054 Patent. Their conclusory allegations fail to amplify even the "threadbare recitals of the elements of the cause of action." which the Supreme Court has held are insufficient. *Iqbal,* 129 S.Ct. at 1949. Aside from incorporating its party and jurisdictional allegations, and its unsupported non-infringement allegation, the ***entirety*** of Defendants' counterclaim for patent invalidity is set out in paragraph 11 (Counterclaim [19] at p. 15), which merely states (with respect to both the '792 Patent and the '054 Patent) the patents are invalid based upon the various statutes (*i.e.,* 35 U.S.C. §§ 101, 102, 103, and 112) without a single factual allegation as to how any of those statutes might be applicable.

For example, 35 U.S.C. § 102, alone, provides seven (7) subsections, at least five (5) of which, in turn, set forth numerous independent and far-ranging grounds for invalidating a patent claim, such as prior use, prior offer to sell, prior printed-publication, abandonment, prior patenting in a foreign country by the inventor or his or her legal representatives or assigns, prior published patent applications by others, prior issued patents by others, non-joinder of inventors, prior invention by others, and the like. Nevertheless, Defendants failed to specify anything other than "one or more prior art references" (*See,* Counterclaim [19] at p. 15, ¶11 b.)

Similarly, with respect to 35 U.S.C. § 103 sets forth other bases for

invalidating a patent based upon obviousness in view of prior art. Nevertheless, Defendants again failed to specify a single piece of potentially relevant prior art to support the allegation that both the '792 Patent and the '054 Patent "are obvious in view of the prior art and are therefore unpatentable and invalid under 35 U.S.C. § 103 (*See*, Counterclaim [19], at p. 15, ¶ 11c.).

The same is also true of Defendants' bald assertion of invalidity under 35 U.S.C. § 112 (*See,* Counterclaim [19], at p. 15, ¶¶ 11d., 11e., and 11f.).

Defendants' blanket recitation of possibly relevant statutes, without even a mention of any factual underpinnings is precisely the issue addressed in both *Twombly* and *Iqbal*, whereby this court cannot accept as true any of the allegations in Defendants' Counterclaim [19], as it alleged ***no facts at all***. As such, Defendants' Counterclaim [19] fails to either "raise a right to relief above the speculative level" or "state a claim that is plausible on its fact." *Twombly*, 550 U.S. 555, at 570.

## IV. <u>Allowing Defendants' Grossly Inadequate Counterclaim Is Prejudicial to Adair</u>

Adair, an individual and sole inventor, operates a small business making marine ladders in accordance with his patented inventions. To him, litigation is intended to stop infringers, such as Defendants, from interfering with his limited right to enjoy the benefits of the inventions which he made and disclosed to the public by obtaining the '792 Patent and the '054 Patent.

Scheduling Orders and other discovery controls are meant to streamline the litigation process -- not to provide litigants the opportunity to offer vague pleadings and unnecessarily expand the scope of the litigation, and then rely on the expensive and time-consuming fact and expert discovery process to attempt to "flush out" a basis for their broad brush, factually deficient assertions.  Allowing Defendants to proceed with their baseless assertions of invalidity of the '792 Patent (which has already been upheld in litigation) and the '054 Patent unfairly allows Defendants additional time to come up with even more far-fetched, frivolous theories as to why they should be permitted to engage Adair in expensive, time-consuming discovery to advance their legally implausible assertions which *Twombly* and *Iqbal* required them to assert in their Counterclaim [19].

## V.   <u>Defendants' Affirmative Defenses (1. Failure to State a Claim; 2. Non-Infringement; 3. Invalidity; 4. Invalidity As to Costs; and 5. As to Damages) Should Be Striken</u>

Adair's First Amended Complaint clearly states a claim for patent infringement in that it sets out in great detail the underlying factual basis for the allegations, and it does so with respect to the '792 Patent alleging infringement of a patent which has already been upheld in this District.  Adair has no reason to believe that either or both of the '792 Patent and/or the '054 Patent are not valid, nor have Defendants factually advanced any such reason.  Adair has demonstrated that his products are properly marked (*See,* First Amended Complaint [11], at

Exhibit 6).

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense." Fed. R. Civ. Pr. 12(f). "Under Rule 8 of the Federal Rules of Civil Procedure, an affirmative defense must be pled with the minimal specificity to give the plaintiff 'fair notice' of the defense." *Advanced Cardiovascular Sys.,* 1996 WL 467277, at *5; *See, also, Qarbon.com*, 315 F. Supp. 2d at 1049 (N.D. Cal. 2004) (striking affirmative defenses and stating, "[defendant's] affirmative defenses fail to provided 'fair notice' of what the defense is and the grounds upon which it rests."). The "key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defenses." *Ramos Oil Recyclers, Inc.*, 2007 WL 2345014, at *1 (E.D. Cal. Aug. 16, 2007) (citing *Wyshak*, 607 F.2d at 827).

In *Advanced Cardiovascular Sys.* the court struck defendant's affirmative defense that the patent-in-suit was "invalid, void, and unenforceable for failure to satisfy the requirements of patentability contained in Title 35, United States Code, including but not limited to, sections 101, 102, 103 and/or 112." *Id.*, at 1773. In so holding the court noted that "[s]ince sections 101, 102, 103, and 112 provide numerous grounds for finding a patent invalid, defendant must provide a more specific statement of the basis for this defense in order to give [plaintiff] fair notice of the claims being asserted." *Id.*

Similarly, the court in *Sprint Comms. Co. v. TheGlobe.com, Inc.*, 233 F.R.D. 615 (D. Kan. 2006), following the "cogent analysis" of the *PB Farradyne, Qarbon.com,* and *Advanced Cardiovascular Sys.* line of cases struck a similar affirmative defense which stated "[defendant] is informed and believes that [plaintiff's seven patents], and each of the seven claims thereof, are invalid, void and/or unenforceable under one or more of the sections of Title 35 of the United States Code." 233 F.R.D. at 619, stating,

> Simply examining the first affirmative defense on its face, it is immediately apparent that [defendant] has not met the minimal pleading requirements of Rule 8. As [plaintiff] explains, Title 35 of the United States Code includes 112 discrete sections. It is unreasonable to make [plaintiff] guess which of these sections [defendant] is relying upon to contend that [plaintiff's] patent claims are unenforceable. *Id.* at 619

In *Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Service, LLC* the court struck an affirmative defense which stated that the patent-in-suit was "invalid for failing to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, 112, and 132." 2007 WL 1394427, at *5 (N.D. Cal May 10, 2007). In striking the affirmative defense, the court noted, "[e]ven under the minimal notice pleadings requirements of Fed. R. Civ. P 8(a), which requires only a 'short statement of the claim showing that the pleader is entitled to relief,' this allegation is insufficient because it does

not provide [plaintiff] with sufficient notice of the defense being asserted."

*Id.*

As set forth above, Defendants' bald assertion of non-infringement as to Adair's '792 Patent and '054 Patent without a single factual allegation in their Counterclaim [19] cannot withstand a Rule 12(b)(6) challenge. Likewise, Defendants' *corresponding affirmative defense* provides **no more detail** than those in their Counterclaim.

*Twombly* and *Iqbal* made it clear that the mere recitation of "buzz words" such as "anticipated by", "obvious in view of", "invalid", "unenforceable", and a recitation of statutory provisions, **devoid of any factual supporting grounds**, are simply not enough to make an assertion "plausible". Defendants' statutory recitations are precisely the type of formulaic recitations proscribed by *Iqbal*.

## Conclusion

For the reasons expressed herein, Adair respectfully requests that this Court grant his motion to dismiss Defendants' Counterclaim [19] and to strike Defendants' affirmative defenses.

                            Respectfully submitted,

Dated: __August 17, 2012__      By: _s/ Sanford J. Asman_____
                                       Sanford J. Asman
                                       Georgia Bar No. 026118
                                       Attorney for Plaintiff
                                       Michael R. Adair

Law Office of Sanford J. Asman
570 Vinington Court
Atlanta, Georgia  30350
Phone   :   (770) 391-0215
Fax       :   (770) 668-9144
E-mail  :   sandy@asman.com